May it please the Court, Harry Simon for Petitioner Robert Espinoza-Matthews. I'd like to reserve two minutes of my time for rebuttal. In this case, I think the essential facts are largely undisputed. The State placed Mr. Matthews in solitary confinement because he was an assault victim and deprived him of all of his property, including all of his legal files, for a substantial part of the limitations period. And what do you – there does seem to be some dispute as to whether it was the full time or it was a part of the time. Well – Had he somehow signed a document that indicated that his lost records had been found? In – he did sign a document noting that his lost records were someplace in the prison, but he didn't have access to them. Essentially, what he did is say, where I want my records, I need my records. He said it several different ways. And what they did is they looked for his refused to actually give him his property. Because of the administrative segregation policy of – Because he was in administrative segregation, they refused to – So it's your view that the deprivation was from June – what is it, from – oh, excuse me, April of 2002 to March of 2003? April of 2002 to March of 2003. That's correct. All right. While he was in administrative segregation, he did suffer several serious and repeated bouts of mental illness in July, October, and December of 2002, in January and February of 2003, which at different periods rendered him delusional and confused. He had visual and auditory hallucinations. He suffered from paranoia. He had difficulty organizing his thoughts, impaired memory function, and severe mood fluctuations. And that certainly complicated the task for him. If those things were out, would you still be saying that the total absence of access to legal materials would itself do the job for you? Yes, I would. I think that alone, given the fact that he had absolutely no access to any of his legal files under Moore v. Spitzen, would be sufficient to allow for a grant of equitable tolling. Part of that is showing, though, that having no access wasn't made until after the report and recommendation of the magistrate judge, right? There were a number of different pleadings. I think it may have come after the report and recommendation. And the district court, I think, declined to look at it, right? Well, the district court certainly didn't indicate that it had declined to look at it. Here we have a pro per who's doing the best he can to get information before the court. And admittedly, his pleadings aren't a model of clarity, but I don't think you would expect necessarily that they're going to be. He's mentally ill. He's doing what he can. And admittedly, there are a lot of different pleadings that he's filed. It's clear that he wants to do as much as he can to convince the court that he's timely. But certainly, everything was before the district court, and the district court had a full record by the time it ruled on whether or not to adopt the report and recommendation. Okay. Now, is there some problem about your relying on equitable? Are you relying on statutory tolling under your theory or equitable tolling or both? Both. And has there been a, is the equitable tolling issue limited to the mental illness aspect, or does it go to administrative segregation? No, it goes to both. So the COA was granted? The COA was granted as to both. Okay. In addition, Matthews exercised due diligence in challenging his conviction and sentence. He filed repeated administrative challenges to the prison's decision to deprive him of his legal paperwork. He notified them that he needed his legal paperwork in part in order to challenge his conviction and sentence. He requested an extension of time to prepare his habeas petition almost immediately after he recovered his files in March of 2003, and he filed a habeas petition shortly after that in May of 2003. He signed his habeas petition, and it was filed in July 2003. This was really a textbook case for tolling, both statutory tolling and equitable tolling. As a result of the state's actions in depriving Mr. Matthews of his legal files and his worsening mental condition while he was in solitary confinement, he lacked the means to file a timely petition. He has exercised due diligence. He is entitled to equitable tolling of the statute of limitations and statutory tolling. Okay. Thank you. Good morning, Your Honors. Erica Hiramatsu, Deputy Attorney General on behalf of the people. Good morning. Good morning. First, a couple of corrections that I wanted to make regarding our brief. And first is, we cited Allen v. Lewis on pages 25 and 26. That was superseded by a subsequent rehearing and reversed on other grounds. But the cases cited therein that stand for the fact that the tolling needs to be based, the tolling is only possible if it's impossible for the petitioner to file. That still remains the case with all those cited cases. The second is pages 28 and 29. I just wanted to correct a citation to the excerpts of record. I had cited pages 267 through 269 for the proposition that the state habeas in pro per a state habeas petition was prepared by appellant without legal assistance or access to the legal law library. That citation was actually in reference to a supplemental appellant's opening brief that was also pro per. Third, I wanted to address one of the issues brought up regarding dispute. We believe there is a dispute and the court... Before you get to that, do you agree that the equitable and statutory tolling arguments that have been made are all within the certificate of viewability? Yes, Your Honor. Okay, thank you. First, with regard to the dates at issue, I would call the court's attention to the first request that the appellant made for an interview, which was dated July 30, 2002. That was in excerpts of record 329 and the supplemental excerpts, pages 1 and 2. He specifically mentions he needs his records or his files or his property from June 25, 2002. He specifies that date, June 25, 2002, and indicates that's when he returned from going out to court. Given that date, and that was the very first and only mention that he needed just general legal property to start working on a court appeal, that was the only mention of that particular need. So what did we draw from that? Is there any dispute that under the ADSEG policies that he was not allowed access to materials? Yes, I believe there is. And that is because on September 16, 2002, and this is in excerpts of record 312 and 314, the response from the facility was that some items are allowed in ADSEG but must be received through the mail. Also, as the district court pointed out, the appellant did not state in any kind of specificity what legal documents he was missing, how those legal documents created an impediment, and how the prison's actions equaled a state action that was in violation of the Constitution. Our position is it's the appellant's burden to show that not only were there extraordinary circumstances beyond his control, but that it wasn't due to a lack of his own diligence that he did not file the petition on time. I just want to understand, is the state's position that he could have had access to materials in administrative segregation, but his problem is he didn't specify precisely what he needed? No, it's more along the lines of what the district court held. And I would also point out the district court did, excerpts of record page 388, it indicates that the district court in following the supplemental report and recommendations of the magistrate judge, did state that it reviewed de novo the areas that appellant objected to. You haven't answered my question. Oh, I'm sorry. Is the state's position that if he had been specific, he could have received materials in administrative segregation? That is part of it. The other part of it is... It's hard to tell what it means. I'm looking at 314, which you just referred to. That's the response to one of his requests. In the summary of investigation, at the bottom it says, first, it says, while in ADSEG, you will not be issued your property. Right. And then it says, although there are some items that you are allowed in ADSEG, these items must be received through the mail. First of all, it doesn't tell you what the some items are. But secondly, what does that mean? You mean, if the prison has custody, say, a box of his materials, in order to get it, he has to ask that it be sent through the mail? Correct. And the other part is... Who does he write a letter to? That would be the prison officials. What's the difference between doing that and, you know, making this written request? Well, the problem is... It has a post stamp on it? No. The problem is that he did not state with specificity what he wanted. He just said, in general, I want – if you look at every single one of these property requests, they say, I want my property. It's a blanket statement. And in many instances, he documents... No, no. I'm trying to get to the difference between the two statements in this form. While in ADSEG, you will not be issued your property. That's number one. Second is, you can get some items, but only through the mail. What does that mean, through the mail? He's got to send a letter to the warden with a stamp on it? Your Honor, I believe that it's through the same process as he's been doing with these administrative procedures, that if he simply submits a request specifying, I need, for instance, this letter from the court of appeal... But it's in the same institute. The papers he's looking for are in the same institution that has them, right? Correct. So what's the mailing that's involved? Well, I believe that, and I would just be speculating, Your Honor. And we are to assume that a pro se litigant, who has mental problems on top of it, is able to figure it out when none of us can? Well, Your Honor, he was able to file all these appeals and these interview requests. And in fact, the records, the mental health records that he submitted to the district court, show that throughout this time, he did have a linear thought process. He was able, it shows he's a high-profile individual. Well, let's assume that, but how does that go to the question that I posed? That is, let's assume that he was capable of communicating, as he was. But if none of us can decipher what is meant by that communication, how in the world was he supposed to do that? Well, the other portion of this, and that's the impossibility portion of this inquiry, is that even if we were to say he was deprived of his property until March 13th of 2003, he still had almost four months. He had three months and 24 days in which to file his federal habeas. He had already demonstrated that he could file a state habeas, which are necessarily the same grounds. He did that without legal assistance, without access to the library. All he would have to do is copy that onto a form for the federal habeas. And he was able to do that in the state. There's no reason why, given almost four months. Is tolling a function of how much time is left, or is it a function of excluding the time of being disabled from doing it and tacking that onto the otherwise existing one-year period? Well, it appears that it is a fact-specific inquiry based on the Spitzen v. Moore. And, for instance, with Lott v. Mueller, they determined that equitable tolling could possibly be an issue. How about statutory tolling, though? My question has to do with whether excluding the time of disability, let's put it in those terms, whether that then adds on to the one year, or whether you simply look at how much time is left and say, if he rushed, could he have gotten it in? Well, I believe that it is a factual inquiry, and it's determining whether it was, in fact, impossible. Given the facts of the case, whether it was impossible for the petitioner to kind of do that. What case says that, that it has to be impossible? That would be under Malski, well, Malski, Prenti, and, well, Calderon v. United States District Court Kelly. That was 163 Federal 3rd, 530, 541, that it has to be impossible to file the petition on time. Now, you were talking, going back to a statement you made earlier, you noted that in adopting the magistrate's report and recommendation, the district judge stated that he had made a de novo determination, right, of the matters objected to. But he says nothing about, in other words, he just says he's reviewed what the magistrate did. He says nothing about looking at the new evidence submitted by the petitioner after the report and recommendation, does he? It did refer to the areas raised in the objection, and the objection that was filed did, as attachments, contain a very lengthy excerpt of mental health records. I know that, but what I'm getting to is that the order of the district judge makes no references to having looked at any of the new material. He just says court has made a de novo determination of those portions of the report to which objection has been made. He says nothing about looking at the newly submitted evidence. Shouldn't he do that? Shouldn't he look at that? It was my understanding, based on the wording that he had considered the objection, because, after all, appellant did file that objection, and it did include extensive medical records, so that was an excerpt of record, in the excerpt of record that he included extensive medical records. So the court doesn't indicate he's reviewed those. Correct. That's my problem. I think he should have. Have you? Yes. It was just my understanding, based on his wording, that he said he did a de novo determination regarding the areas raised in the objection, that necessarily he must have reviewed those records as well. All right. Okay. You've gone over your time, so. Thank you. Your Honor, just a few points. It is clear, I think, from the record that Mr. Matthews was surprised at all of his legal files. He was told, and this is in the supplemental excerpt of record of three, that he couldn't have any of his property, and certainly any legal files that he would have had would have been encompassed within that. In addition, I would think, looking at 28 U.S.C. 2244, that if there is a state-created impediment, you'd be subtracting time from the year, because it's a year from that state-created impediment, rather than looking at whether or not the state-created impediment dispelled, and so you have to work as quickly as possible to do it. So you're saying it's a tack-on kind of provision. Well, I think some of our cases suggest if the impediments at the early end, and when you're weighing in at equitable considerations, depends on the impediment. I think it depends on the equitable following, that's correct. But not statutory. But not statutory. State-created impediment. Correct. And do you agree that the standard is impossibility? I would agree that there is discussion about the fact that I think the language does talk about the impossibility of following. Okay. Thank you, counsel, for your arguments. The case that's argued is submitted.
judges: Tashima, Fisher, Shadur